IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KAMAL PATEL, § | | |
| (BOP No. 56496-080) § | | |
| VS. § | CIVIL ACTION NO.4:08-CV-252-Y | |
| § | | |
| § | | |
| JOSE SANTANA, et al. § | | |

## OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(B)(1)

This case is before the Court for review of pro-se inmate and plaintiff Kamal Patel's case under the screening provisions enacted with the Prison Litigation Reform Act ("PLRA"), which is codified, in part, at 28 U.S.C. § 1915A. Patel, an inmate at a Bureau of Prisons ("BOP") facility in Butner, North Carolina, filed a civil complaint seeking relief against the BOP and individual defendants Jose Santana and Jason Sickler under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 297 (1971).[1] (Compl. Style; at 2.) Patel alleges that while prosecuting another action in this district, *Patel v. United States,* No.4:05-CV-083-A, these defendants retaliated against him by denying or refusing a transfer that was already authorized, which would have moved him from his then place of housing, Forest City, Arkansas, to either FCI-Seagoville or FCI-Fort Worth. (Compl. at 4-5.) He alleges the transfer was denied after his appearance for a settlement conference arising out of that case. (Compl. at 5.) Plaintiff contends that defendants cancelled his transfer request in violation

---

[1]*Bivens,* of course, is a counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999)("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *abrogated on other grounds by Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n.36 (5th Cir. 2003)(en banc).

of his right to access to courts, and that such action was taken in retaliation for his exercise of that right. (Compl. at 5.) Plaintiff Patel seeks monetary damages, nominal damages, and injunctive relief requiring that he be reinstated for the transfer he alleges he was eligible to receive. (Compl. at 7.)

Section 28 U.S.C. § 1915A(a) requires the Court to review a complaint from a prisoner seeking relief against a governmental entity or governmental officer or employee as soon as possible after docketing.[2] This provision authorizing review of prisoner pleadings is separate from the screening provision applicable to in-forma-pauperis proceedings, and it provides that when the Court makes the review required under § 1915A(a), the Court shall dismiss the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Patel's claims as asserted in the complaint, the Court concludes that they must be dismissed under the authority of § 1915A(b)(1).

The court notes first that Patel has alleged claims for

---

[2] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(b)(1) and (2)(West 2006).

[4] *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

violation of constitutional rights against the BOP under *Bivens*. But as a *Bivens* claim is not authorized against a federal agency,[6] Plaintiff may not assert a claim against the BOP under that theory. Thus, all claims against the BOP must be dismissed.

Patel contends that the individual defendants retaliated against him for the exercise of his constitutional right of access to courts. In order to state a valid claim on the basis of retaliation, a prisoner must allege (1) a specific constitutional right,(2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.[7] With regard to the first element, the inmate must point to a specific constitutional right that has been violated, or the claim will fail.[8] Plaintiff's allegation that his right of access to courts was violated fails to satisfy the first element. Patel alleges that his failure to settle his claims in case number 4:05-CV-083-A resulted in the denial of a pre-approved transfer from one BOP facility to another in this geographic area. (Compl. at 5.) But he does not allege that the failure to transfer him impeded his ability to continue to seek relief in case number 4:05-CV-083-A. In fact, that suit was initially transferred from this district to the United States District Court for the Eastern

---

[6]*Federal Deposit Insurance Corp. V. Meyer,* 510 U.S. 471, 484-86 (1994).

[7]*See Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003); *see also Jones v. Greninger,* 188 F.3d 322, 324-25 (5th Cir. 1999).

[8]*Greninger*, 188 F.3d at 325, *citing Tighe v. Wall,* 100 F.3d 41, 43 (5th Cir. 1996)(inmate's claims dismissed for failure to demonstrate violation of a constitutional right) and *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995)("to state a claim, an inmate must allege the violation of a specific constitutional right").

District of Arkansas, and assigned case number 4:06-CV-510-JMM-BD, but was subsequently transferred again to the United States District Court for the Eastern District of North Carolina (Western Division), and assigned case number 5:07-CT-03043-D, where it remains pending.[9]

The Supreme Court, in *Bounds v. Smith*,[10] recognized a fundamental constitutional right of access to the courts, but has since clarified the scope of a prisoner's right of access to the courts and found that a prisoner must allege an actual injury to support a claim for a violation of such right:

> Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense . . . [t]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.[11]

Thus, in order to state a claim on the alleged facts, Patel must set forth that the complained-of action hindered his efforts to pursue

---

[9] Patel has at least three other suits currently pending in that same court: *Patel v. United States of America, et al.,* No.5:07-CT-03044-D; *Patel v. United States of America, et al.,* No.5:07-CT-03055-FL; and *Patel v. Bonner,* 5:08-CR-03110-BO. Court records show that Kamal Patel is a frequent filer of civil suits in federal district court, as Public Access To Court Records ("PACER") lists 57 suits filed by "Kamal" or "Kamal K." Patel.

[10] *See Bounds v. Smith,* 430 U.S. 817, 828 (1977)(recognizing prisoners' constitutional right of access to courts); *see generally Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 741 (1983)("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances"); *Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir. 1993)("Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses")(quoting *Chrissy F. v. Mississippi Dept. Of Public Welfare,* 925 F.2d 844, 851 (5th Cir. 1991)).

[11] *Lewis v. Casey,* 518 U.S. 343, 351 (1996).

4

a legal claim.[12] Patel has not done this. Rather, his allegations merely challenge the substance of the government actions in an ongoing civil suit, which he continues to litigate in federal court. Thus, Patel's complaint does not state a violation of the Constitution on the basis of denial of access to court. Having failed to state a violation of a constitutional right, Patel cannot maintain a retaliation claim against defendants Santana and Sickler, and such claim must be dismissed.[13]

As a part of the PLRA, Congress also placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[14] The United States Court of Appeals for the Fifth Circuit has held that "[s]ection 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory

---

[12] *See Chriceol v. Phillips,* 169 F.3d 313, 317 (5th Cir. 1999)(inmate alleging denial of access to courts must demonstrate actual injury)((citing *Ruiz v. United States,* 160 F.3d 273,275 (5th Cir. 1998)(holding that without proof of actual injury a prisoner cannot prevail on an access-to-the-courts claim)); *see also McDonald v. Steward,* 132 F.3d 225, 230-31 (5th Cir. 1998) (noting that such a plaintiff must show prejudice to his position as a litigant)(citations omitted).

[13] Futhermore, to the extent Patel also alleges the retaliation was a violation of a right to be transferred from one BOP facility to another, there is no constitutional right to housing in a particular facility. A prisoner can not base a substantive-due-process claim on his desire for or the BOP's denial of transfer because a prisoner has no liberty interest in residing in one prison or another. *See Olim v. Wakinekona,* 461 U.S. 238, 246 (1983)(interstate transfer),*citing Vitek v. Jones,* 455 U.S. 480, 489 (1980)(intrastate transfer); *see also Jackson v. Cain,* 864 F.2d 1235, 1250 (5th Cir. 1989).

[14] 42 U.S.C.A. 1997e(e)(West 2003).

damages for mental or emotional injuries non-recoverable, absent physical injury."[15] It is also now established law that a plaintiff must recite that he suffered more than a *de minimis* physical injury.[16] Patel has not stated any physical injury as a result of the alleged actions in this complaint. Thus, Patel's right to recovery of compensatory damages for mental harm is barred under 42 U.S.C. § 1997e(e), and such claims must be dismissed for this additional reason.

Therefore, all of Plaintiff's claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C.§ 1915A(b)(1), and alternatively, all claims for compensatory damages are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1).

SIGNED August 26, 2008.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[15] *Geiger v. Jones,* 404 F.3d 371, 375 (5th Cir. 2005).

[16] *See Gomez v. Chandler,* 163 F.3d 921, 924 (5th Cir. 1999)("for purposes of Eighth Amendment excessive-force claims--as well as for purposes of section 1997e(e)--'the injury must be more than de minimis, but need not be significant.'")((citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)(noting that [the plaintiff's] alleged injury of a sore, bruised ear lasting for three days--was de minimis)); *see also Luong,* 979 F.Supp. at 486 (noting that a sore muscle, aching back, scratch, abrasion or bruise, which lasts up to two or three weeks, is not the kind of physical injury within the parameters of 1997e(e)).